UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAMDOUH SOUS and MANAL SOUS,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN TIMPONE, SONJA BACICH-TIMPONE, TARA TIMPONE, BOROUGH OF NORTH HALEDON, NORTH HALEDON POLICE DEPARTMENT, DETECTIVE DAVID PARENTA and JOHN DOES 1-3,<br><br>Defendants. | Civ. No. 15-7972 (KM) (MAH)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

On March 17, 2013, a young woman, Michelle Sous, was crossing a public street in the Borough of North Haledon when she was struck and killed by a car that was driven by Steven Timpone. Her parents, plaintiffs Mamdouh Sous and Manal Sous, bring this civil rights action against (1) Steven Timpone, Sonja Bacich-Timpone, and Tara Timpone (collectively, the "Timpone Defendants"), and (2) the Borough of North Haledon, the North Haledon Police Department, and Detective David Parenta (collectively, the "North Haledon Defendants"). Now before the Court are motions of the Timpone Defendants and North Haledon Defendants to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 10, 14) For the reasons set forth below, the motions will be granted and the Complaint will be dismissed without prejudice to the filing of an amended complaint within 30 days.

1

## I. BACKGROUND

### A. Procedural History

On April 17, 2014, the Estate of Michelle Sous filed a lawsuit in the New Jersey Superior Court, Passaic County, against Steven Timpone and the North Haledon Defendants. (Compl. Factual Background ¶ 4) That suit alleged that Mr. Timpone was negligent in the operation of his vehicle and that the North Haledon Defendants engaged in spoliation of evidence and invasion of privacy. (*Id.*)

The Souses filed this, their federal-court action, on November 9, 2015. (Dkt. No. 1) The Complaint asserts claims under 42 U.S.C. § 1983, alleging deprivation of the Souses' rights under the First, Fourth and Fourteenth Amendments, as well as a claim under state law.

The Timpone Defendants filed a motion to dismiss on December 28, 2015. (Dkt. No. 10) The plaintiffs opposed on January 19, 2016 (Dkt. No. 11), and the Timpone Defendants filed a reply on January 25, 2016 (Dkt. No. 12). The North Haledon Defendants filed their motion to dismiss on March 29, 2016. (Dkt. No. 14) The plaintiffs opposed the motion on April 19, 2016 (Dkt. No. 16), and the North Haledon Defendants submitted a reply on April 25, 2016 (Dkt. No. 17).

### B. Facts

The allegations of the Complaint arise from actions that the Souses took after the accident, and from actions that the Timpones and the police took in response. Essentially, the Souses sue for malicious prosecution and First Amendment retaliation, based on the defendants' filing of police reports and a civilian criminal complaint.

Following the accident, the Souses pressed for a further investigation. (Compl. Factual Background ¶ 3) The Souses fault the North Haledon Police who came to the accident scene because Mr. Timpone (1) was not given a field test for the presence of alcohol or drugs in his system, (2) was permitted to keep his cell phone and make calls, and (3) was not issued a summons for a moving motor vehicle violation. (*Id.* ¶ 2) The Souses also began to campaign for

the passage of "Michelle's Law," a proposed statute that would require police officers to conduct drug and alcohol tests in fatal accident investigations. (*Id.*) In support of their cause, the Souses posted signs on their property. (*Id.*) Finally, as related above, in 2014 the Souses filed a state-court action against Mr. Timpone and the North Haledon defendants. (*Id.* ¶ 4)

According to the Complaint, the defendants then retaliated against the Souses for their exercise of First Amendment rights to express themselves and to file civil actions. What followed was the "filing of numerous false police reports to the North Haledon Police Department, by the Timpone's, who falsely alleged that the plaintiffs were improperly posting various material on their property when it was fully within their First Amendment Rights and privileges to do so." (Compl. Factual Background ¶ 6)[1]

The Complaint alleges that the defendants then "caused a false criminal complaint to be filed against Mamdouh Sous." (*Id.* ¶ 7) That criminal complaint, according to the Souses, was premised on false allegations and was not supported by probable cause. (*Id.*)

The criminal complaint at issue is a civilian criminal complaint filed in North Haledon Municipal Court by Tara Timpone on September 11, 2013. (Dkt. No. 14-2, Ex. A at 1)[2] The complaint, signed by Ms. Timpone, contains three charges:

---

[1] Documents integral to and explicitly relied on in a complaint may be considered on a motion to dismiss. *See* pp. 5–6, *infra*. The defendants have attached to their papers copies of a number of police reports, three of them filed by Tara Timpone. Dating from July and August 2013, these reports relate Ms. Timpone's complaints that the Souses were posting signs and flyers, on their own property, on public property, and on the cars of others. Photos of the signs and flyers are attached to the reports. The signs and flyers essentially identify Mr. Timpone as the driver, criticize the inadequate police investigation, excoriate Mr. Timpone for refusing to submit to a blood alcohol or drug test, and state that Michelle Sous was "murdered." (Dkt. No. 14-2, Ex. B at 4–14, 18–21, 23–28)

Also attached are police reports filed by other citizens. Because these are not referred to in the Complaint, I do not consider them.

[2] Again, this is a document foundational to the complaint, but not attached to it. It is properly considered on a motion to dismiss. *See* pp. 5–6, *infra*.

(1) That Mr. Sous made a harassing communication, specifically, "posting signs indicating Steven Timpone is a killer who got away without penalty because he was involved in a fatal accident involving the defendant's daughter. In violation of NJS 2C:33-4A, a disorderly persons offense."

(2) That Mr. Sous "did post signs on Mr. Sous's property and on borough property suggesting Steven Timpone is a killer and has gone unpunished, in violation of Boro Ordinance 124-12."

(3) That Mr. Sous "did erect signs on Borough property when advertising signs of any type shall not be allowed to be erected in the Boro, in violation of Boro ordinance 180-44."

The civilian criminal complaint, sworn by Ms. Timpone before a court administrator, recites that "Probable cause has been found for the issuance of this complaint by Judge John F. Meola." (Dkt. No. 14-2, Ex. A at 2) A summons issued, directing Mr. Sous to appear on September 16 (with handwritten revision to September 23), 2013. The criminal complaint indicates that an initial appearance occurred on September 30, 2013, at which Mr. Sous entered a plea of not guilty. (*Id.* at 1) No further details about the criminal case appear.

The Complaint in this federal court action also alleges that the defendants engaged in "cyberstalking" to cause them "emotional distress." (Compl. Count 4, ¶ 2)

## II. LEGAL STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Applying *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has provided a three-step process for analyzing a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In general, on a Rule 12(b)(6) motion the Court is confined to the face of the Complaint. "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'"

5

*Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). That is, a plaintiff who misstates the contents of an essential document on which the claims are based may not avoid dismissal simply by declining to attach that document. A defendant served with such a complaint may, on its motion to dismiss, rely on such a document if its authenticity is not in question. *Pension Ben. Guar. Corp.,* 998 F.2d at 1192.

### III. ANALYSIS

The Complaint asserts three counts under 42 U.S.C. § 1983: malicious prosecution, retaliation for the exercise of First Amendment rights, and vicarious municipal liability. It also asserts a fourth claim of "cyberstalking," which I interpret as a state-law tort claim of intentional infliction of emotional distress.

### A.   Counts 1, 2, and 3: Amenability to suit under Section 1983

There are threshold barriers to suit under Section 1983 that bar counts 1, 2, and 3 as against most of the defendants. The Timpone Defendants are not subject to liability under 42 U.S.C. § 1983 because they are not State actors. The North Haledon Police Department, a department of municipal government, is not a juridical person capable of suing or being sued.

#### 1. Timpone Defendants

The Timpone Defendants contend that, because they are private parties who did not act under color of state law, Section 1983 does not apply to them. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

42 U.S.C. § 1983. Thus, to set forth a Section 1983 claim, a complaint must allege not only the violation of a right secured by the Constitution or laws of the United States, but also that the alleged deprivation was committed by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). If the Complaint alleges only private action, the federal claim fails because the Fourteenth Amendment "'erects no shield against merely private conduct, however discriminatory or wrongful.'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836 (1948)). The state action requirement assures "that constitutional standards are invoked 'when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.'" *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924 (2001) (quoting *Blum, supra*) (emphasis in original).

The Timpones are private individuals, not governmental entities or agents. They are not alleged to be law enforcement officers, court personnel, or employees of the Borough of Haledon. Rather, the Complaint alleges that the Timpones, in bringing unfounded charges, acted in concert with the North Haledon Defendants.

It is true that, in an appropriate case, a private person may be found to be a State actor by virtue of close cooperation with a State agent:

> "[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 453 (1974).

*Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). *See Gonzales v. Feiner*, 131 F. App'x 373, 378 (3d Cir. 2005). Stripping away the Complaint's legal conclusions and examining the alleged facts, however, *see Bistrian, supra*, I find only the following: Tara Timpone complained to the North Haledon Police Department, which filed reports of her complaints. The police did not file

criminal charges. Rather, Tara Timpone filed a civilian complaint against Mamdouh Sous in the North Haledon Borough Municipal Court.

Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor. *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144–45 (D.N.J. 2007) (filing civilian criminal complaint not state action, despite complainant's employment as borough clerk).

There is no factual allegation that would support an inference that Tara Timpone's complaints to the police, as reflected in their reports, or her filing of the civilian criminal complaint constituted State action. For that reason, the Section 1983 claims against the Timpone Defendants will be dismissed.

### 2. North Haledon Police Department

The North Haledon Police Department moves to dismiss the Complaint on the grounds that it is not a "person" amenable to suit.

Section 1983 imposes liability on "[e]very person, who, acting under color of any statute, ordinance, regulation custom, or usage, of any State" subjects a person to a deprivation of certain rights. 42 U.S.C. § 1983. A New Jersey police department is not a person, or an independent entity with the capacity to sue and be sued. This Court has frequently so held:

> A New Jersey municipal police department is not an independent entity with the capacity to be sue and be sued, but only "an executive and enforcement function of municipal government." N.J. STAT. ANN. § 40A:14–118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (per curiam) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for

purposes of section 1983 liability"); *Michaels v. State of New Jersey,* 955 F. Supp. 315, 317 n.1 (D.N.J. 1996) (Newark police department not a proper party).

*Santa Maria v. City of Elizabeth (N.J.),* 2015 WL 2414706, at *5 (D.N.J. May 20, 2015).

As the North Haledon Police Department is not an entity distinct from the Borough of North Haledon, it is not a proper "person" subject to suit. The claims against the North Haledon Police Department are therefore dismissed. The proper institutional defendant for claims involving the police department is the Borough of North Haledon itself.

**B.    Failure to State a Claim: Counts 1, 2, and 3**

In light of the dismissals in Part III.A, *supra,* I here focus on the claims against the remaining North Haledon defendants. Aspects of this analysis would furnish alternative grounds for dismissal of claims against the Timpone Defendants as well.

**1.    Malicious prosecution (Count 1)**

Count 1 asserts a claim for malicious prosecution on behalf of Mamdouh Sous based on the filing of "false charges ... resulting in his unlawful arrest and prosecution." (Compl. Count 1 ¶ 6) Those "false charges" consist of Tara Timpone's criminal complaint against Mr. Sous, filed on September 13, 2013. (Compl. Introduction ¶ 3) Pursuant to that criminal complaint, a summons issued, requiring Mr. Sous to appear on September 16 (with handwritten revision to September 23), 2013. According to a notation on the complaint, he did appear and enter a plea of not guilty on September 30, 2013. (Dkt. No. 14-2, Ex. A at 1) No other facts about the criminal proceedings, or the disposition of the charges, are pled.

Malicious prosecution under 42 U.S.C. § 1983 requires that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of

liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer,* 750 F.3d 273, 296–97 (3d Cir. 2014) (citing *Johnson v. Knorr,* 477 F.3d 75, 82 (3d Cir. 2007)).[3] The Complaint alleges these legal elements in generic terms; stripping away such conclusory allegations, however, I find that the elements are not alleged factually. *See Bistrian, supra.*

First, Tara Timpone, a private individual, filed the civilian criminal complaint. It is not alleged that the complaint was brought by the police or any other official of North Haledon. As recently held by Chief Judge Simandle, such facts do not constitute state action for purposes of a civil rights claim:

> Plaintiffs seek "to hold public officials liable for the actions of a private defendant. Under these circumstances, state action may be found, but only if 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Downey v. Coalition Against Rape & Abuse, Inc.,* 143 F. Supp. 2d 423, 438 (D.N.J. 2001), *aff'd,* 142 Fed. Appx. 645 (3d Cir. 2005) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)). When a public official is sued for allegedly causing a third party to take some type of adverse action against plaintiff's speech, [the Court of Appeals for the Third Circuit has] held that defendant's conduct must be of a particularly virulent character. It is not enough that defendant speaks critically of plaintiff or even that defendant directly urges or influences the third party to take adverse action. Rather, defendant must "threaten" or "coerce" the third party to act. *McLaughlin v. Watson,* 271 F.3d 566, 573 (3d Cir. 2001), *cert. denied,* 535 U.S. 989, 122 S.Ct. 1543, 152 L.Ed.2d 469 (2002).

*Boyce,* 513 F. Supp. 2d at 145.

The police did not bring charges against Mr. Sous. Nor is it alleged that the Borough or the police "threaten[ed]" or "coerce[d]" Tara Timpone to bring

---

[3] The elements of the state law malicious prosecution tort are similar: the plaintiff must show that the defendant "(1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in [plaintiff's] favor." *Wiltz v. Middlesex Cnty. Office of Prosecutor,* 249 F. App'x 944, 950 (3d Cir. 2007) (citing *Trabal v. Wells Fargo Armored Serv. Corp.,* 269 F.3d 243, 248 (3d Cir. 2001)).

criminal charges. When she came to the police station and complained, the police filed a report, as is their ministerial duty.

Tara Timpone then filed a civilian criminal complaint on her own, in municipal court. Again, the court's acceptance of that complaint for filing was a ministerial function; in no sense does it plausibly suggest an exercise of the state's power to prosecute. In short, the Complaint does not allege factually that the North Haledon Defendants initiated a criminal proceeding against Mr. Sous.

Second, there is no factual allegation that the criminal proceedings terminated in favor of Mr. Sous. True, the complaint states the legal conclusion that the "criminal proceedings terminated in [Mr. Sous's] favor." Such legal conclusions, merely parroting an element of the cause of action, are properly set aside on a motion to dismiss. *See Bistrian, supra.* The Complaint does not reveal *factually* how this prosecution ended—by dismissal, acquittal, or otherwise. (Compl. Count 1 ¶ 10)[4] Indeed, it does not say anything about the criminal proceedings beyond the fact that they were commenced.

Those deficits alone are sufficient to require dismissal. To guide any future progress of this case, I nevertheless discuss the other elements briefly. The allegations of lack of probable cause, malicious intent, and deprivation of liberty are skeletal and problematic.

The allegation that the complaint was not supported by probable cause, for example, flies in the face of a judicial finding to the contrary. The civilian complaint and summons state that "probable cause has been found for the

---

[4]   This deficiency may mask another: possible untimeliness under the applicable two-year statute of limitations. An essential element of any malicious prosecution claim, state or federal, is that the criminal proceedings terminated in the plaintiff's favor. Unless and until that occurs, the claim does not ripen. Therefore, the two-year statute of limitations begins to run when criminal proceedings terminate in the plaintiff's favor. *See, e.g., Desposito v. New Jersey,* 2015 WL 2131073, at *12 (D.N.J. May 5, 2015) (collecting cases). Until the fact and the date of favorable termination of criminal proceedings are determined, the Court cannot ascertain whether the claim is timely.

11

issuance of this complaint by Judge John F. Meola." (Dkt. No. 14-2, Ex. A at 2) If this is not to be a barrier to liability, more facts may be required.

"Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Robinson v. Jordan,* 804 F. Supp. 2d 203, 210 n.8 (D.N.J. 2011) (quoting *Morales v. Busbee,* 972 F. Supp. 254, 261 (D.N.J. 1997) (citations omitted)). Legal malice should be alleged clearly and factually.

Finally, there is no forthright factual allegation that Mr. Sous suffered a deprivation of liberty in connection with this civilian criminal complaint. In conclusory terms, the complaint refers to Mr. Sous's "unlawful arrest." It appears that this prosecution was initiated by summons, not by arrest warrant or a warrantless arrest. If the alleged deprivation of liberty is that Mr. Sous was taken into custody by the police, it should be easy to allege that specifically.

For all of the foregoing reasons, the Complaint fails to state a claim for malicious prosecution. Count 1 will be dismissed.

### 2. First amendment retaliation (Count 2)

The First Amendment retaliation claim, pled in Count 2, is barred by the applicable two-year statute of limitations.

Section 1983 borrows the applicable State's personal injury statute of limitations. *See Vickers v. Childs,* 530 F. App'x 104, 105 (3d Cir. 2013). In New Jersey, the statute of limitations for personal injury claims is two years. N.J. Stat. Ann. § 2A:14-2(a). The date that a § 1983 claim accrues is a matter of federal law. *See Kach v. Hose,* 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to

complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).[5]

A claim of First Amendment retaliation has three elements: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). The last act necessary to complete the tort, by definition, is the retaliatory action of the defendant.

Count 2 of the Complaint alleges that the Souses, exercising their First Amendment rights, "campaigned before various political bodies and agencies" to pass "Michelle's Law," a proposed statute requiring police officers to test for drugs and alcohol in fatal car accidents. (Compl. Factual Background ¶ 3) The Souses further allege that they posted signs on their property urging adoption of Michelle's Law, and also seeking an additional investigation into their daughter's death. Two forms of retaliation are alleged. First, say the Plaintiffs, the Timpone Defendants filed false police reports and a criminal complaint relating to the signs. (*Id.* ¶ 6; Count 2 ¶ 7) Second, the North Haledon Defendants "accept[ed]" the false reports and accepted "filing of a criminal complaint against Mamdouh Sous." (Compl. Count 2 ¶ 7)

The final liability-creating alleged act of retaliation is the filing of the civilian criminal complaint. (From the context, it is clear that the police reports preceded the criminal complaint.) Plaintiffs thus knew of their alleged injury when they received the summons, or at the very latest, when Mr. Sous appeared in court on September 30, 2013. Accordingly, the limitations period

---

[5] The statute of limitations is of course an affirmative defense, to be asserted in a defendant's answer. *See* Fed. R. Civ. P. 8(c). It may, however, be invoked on a Rule 12(b)(6) motion, "if 'the time alleged in the statement of a claim shows that the cause of action had not been brought within the statute of limitations.'" *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. United States Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)); *see also Niblack v. City of Asbury Park*, 2005 WL 1116056, at *3 (D.N.J. May 11, 2005).

13

expired, at the latest, on September 30, 2015. The Complaint in this action was not filed until November 9, 2015.

Count 2, the First Amendment retaliation claim under Section 1983, is therefore barred by the statute of limitations. I do not reach the defendants' additional contentions that Count 2 fails to state a cause of action or that qualified immunity applies.

### 3. *Monell* claim against North Haledon (Count 3)

The North Haledon Defendants have moved to dismiss the Complaint on the grounds that it fails to state a *Monell* claim for vicarious liability. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978). As I have held, primary liability has not been sufficiently alleged. Assuming *arguendo* that individuals are liable, however, I nevertheless find that the Complaint fails to set forth a *Monell* claim for vicarious liability against the Borough of North Haledon.

A municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior*. *Rode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1988). A municipality can be held liable for unconstitutionally implementing or enforcing "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the officers that allegedly violated plaintiff's rights. *Monell*, 436 U.S. at 690, 98 S. Ct. at 2036. To state a claim for municipal liability, a plaintiff must identify a city policy and demonstrate the causal link between the execution of that policy and the injury allegedly suffered.

The Complaint alleges that the Borough "had established policies, procedures, customs and practices...related to [the] clearly established constitutional rights" to free speech and freedom from malicious prosecution. (Compl. Count 3 ¶ 7) The Complaint further alleges that the Borough maintained "an atmosphere of lawlessness," "maintained long standing department wide customs, law enforcement policies," and failed to train or supervise its employees in the taking and filing of reports and complaints. (*Id.*

14

¶ 9) These allegations are wholly conclusory—precisely the kind of allegations that *Twombly, Iqbal,* and *Bistrian* require the Court to set aside when analyzing a Rule 12(b)(6) motion.

As for "custom" or "policy," the Complaint remains at the level of generalized criticism, and is virtually fact-free. To begin with, it fails to identify factually "what exactly [the] custom or policy was." *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009); *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110 (3d Cir. 2014) (retaliation claim failed to present "any facts demonstrating that there existed a custom...to retaliate").

Nor does Count 3 adequately allege a municipal liability for failure to train. "Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989) (internal quotations omitted). A municipality is deliberately indifferent only where the policymakers were on "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 1360 (2011). To demonstrate such notice, a plaintiff must show "a pattern of similar constitutional violations by untrained employees." *Id.* at 62. The Complaint here fails to allege a single other incident, let alone a pattern, and says nothing about what the Borough's training procedures were.

Accordingly, Count 3, to the extent it may survive the analysis of Parts I.A and B, *supra*, is dismissed.

### 4. Cyberstalking/IIED (Count 4)

Count 4 alleges that the defendants engaged in "cyberstalking." (Compl. Count 4 ¶ 2) The Complaint elsewhere alleges that the defendants followed Manal Sous's Facebook page and caused "disparaging and hurtful comments to be made on various social media." (*Id.* Factual Background ¶ 8) The Complaint

15

alleges that these actions constituted a course of harassment which was intended to inflict severe emotional distress. (Compl. Count 4 ¶ 2) I therefore interpret Count 4 as a state-law tort claim of intentional infliction of emotional distress ("IIED").

Defendants assert various grounds for dismissal. I do not reach them. Because all federal claims have been dismissed, I will decline to exercise supplemental jurisdiction over this remaining state law IIED claim. Such a declination is appropriate where, as here, the district court has dismissed all claims over which it possesses original jurisdiction, and the case is in its early stages. *See* 28 U.S.C. § 1367(c).

Count 4 is therefore dismissed.

## CONCLUSION

For the reasons set forth above, the motions to dismiss the Complaint filed by the Timpone Defendants and North Haledon Defendants are granted. Because this is an initial dismissal, it will be entered without prejudice to the filing of an amended complaint within 30 days. An appropriate order follows.

_____
KEVIN MCNULTY, U.S.D.J.

Date: May 9, 2016